IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHERISE SPRINGER, et al.,

        Plaintiffs,

v.                                                     CIVIL ACTION NO. 2:12-cv-00997

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
*(Plaintiffs' Motion for Partial Summary Judgment)*

For reasons appearing to the court, it is **ORDERED** that the Memorandum Opinion and Order [ECF No. 141] entered on April 4, 2017 is **VACATED**. Pending before the court is the plaintiffs' Motion for Partial Summary Judgment [ECF No. 100] wherein the plaintiffs move for partial summary judgment on various affirmative defenses raised by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, the plaintiffs' Motion is **GRANTED**.

I.    Background

This action involves Louisiana co-plaintiffs, one of whom was implanted with Tension-free Vaginal Tape-Obturator ("TVT-O"), a mesh product manufactured by Ethicon. Am. Short Form Compl.[ECF No. 28] ¶¶ 1–9. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress

urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at* *http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiffs' case was selected as an "Ethicon Wave 1 case."

II.   **Legal Standards**

   A.  **Summary Judgment**

A court may use partial summary judgment to dispose of affirmative defenses. *Int'l Ship Repair & Marine Servs., Inc. v. St. Paul Fire & Marine Ins. Co.*, 944 F. Supp. 886, 891 (M.D. Fla. 1996). To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the

truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

The parties agree, as does this court, that Louisiana law applies to the plaintiffs' claims. To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiffs first filed their claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576

(5th Cir. 1996). The plaintiffs originally filed this action in the Eastern District of Louisiana. Thus, the choice-of-law principles of Louisiana guide this court's choice-of-law analysis.

Under Louisiana law, a tort claim "is governed by the law of the state whose policies would be most seriously impaired if its laws were not applied" to the claim. La. Civ. Code Ann. art. 3542 (listing factors such as place of injury, residence of parties, and the state in which the relationship between parties was centered to determine the appropriate state law). The plaintiffs are residents of Louisiana, Ms. Springer was implanted with the product at issue in Louisiana, and her alleged injuries and follow-up care occurred in Louisiana. Accordingly, I will apply Louisiana's substantive law to this case.

### III. Analysis

The plaintiffs argue they are entitled to summary judgment on the defendants' affirmative defenses related to contributory negligence, comparative fault, and/or comparative negligence of Ms. Springer's physicians contained in ¶ 42 of the Master Answer and Jury Demand of Defendant Ethicon, Inc. to First Amended Master Complaint ("Ethicon's Master Answer") [ECF No. 100-3] and ¶ 44 of the Master Answer and Jury Demand of Defendant Johnson & Johnson to First Amended Master Complaint ("Johnson & Johnson's Master Answer") [ECF No. 100-4]. Pltfs.' Mot. Partial Summ. J. 1 [ECF No. 100]. The plaintiffs argue that their Motion should be granted because the defenses are without evidentiary support. Mem. Supp. Mot. Partial Summ. J., at 4–5 [ECF No. 101]. The defendants agree that this court should

dismiss these affirmative defenses, and Ethicon withdraws the defenses contained in ¶ 42 of Ethicon's Master Answer and ¶ 44 of Johnson & Johnson's Master Answer. Resp. Mem. Opp. Mot. Summ. J. 1 [ECF No. 108]. Accordingly, the plaintiffs' Motion is **GRANTED**.

### IV. Conclusion

For the reasons discussed above, the court **ORDERS** that the plaintiffs' Motion for Partial Summary Judgment [ECF No. 100] is **GRANTED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   April 5, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE